IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CESAR ARTACHE-PAGAN,

    Plaintiff,

    v.

THE MUNICIPALITY OF GURABO, ET AL.,

    Defendants.

**Civil No. 12-1842(SEC)**

**OPINION AND ORDER**

Before the Court is co-defendant Municipality of Gurabo's motion to dismiss (Docket # 14) and the plaintiff's opposition thereto (Docket #15). After reviewing the filings and the applicable law, the motion to dismiss is **GRANTED in part and DENIED in part**.

**Factual and Procedural Background**

César Artache-Pagán ("Plaintiff") was a career employee at the Public Works Department of the Municipality of Gurabo ("Municipality") since 2001, and a lifelong member of the Popular Democratic Party ("PDP"). Docket # 1, p. 2-3. He was terminated from his employment in 2012. Id. at 2-3. Plaintiff alleges that the Director of the Municipality's Public Works Department ("Director") and the Mayor of the Municipality discriminated against him for contributing to the 2012 political campaign of the Mayor's adversary. Id. at 1, 4.

Plaintiff alleges that on September 8, 2011, he was notified of the Mayor's intention to terminate his employment for disobeying the Director's orders. Id. at 4. Later, Plaintiff

received a second letter indicating the Mayor's intention to terminate him. Id. at 4. This time the Mayor alleged that Plaintiff intentionally destroyed property of the Municipality. Id. at 5. An administrative hearing was held on February 9, 2012. Plaintiff was terminated by letter on April 2, 2012. This suit followed.

Plaintiff filed this suit under § 1983, claiming violations of the First and Fourteenth Amendments of the United States Constitution, as well as under the Constitution and laws of the Commonwealth of Puerto Rico. Id. at 6-8. The Municipality moved to dismiss, arguing that the complaint failed to establish a procedural due process claim; and that under the Mt. Healthy defense Plaintiff's action cannot prevail. Docket # 14.

**Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008). In evaluating whether the plaintiffs are entitled to relief, the court must accept as true all "well pleaded facts [and indulge] all reasonable inferences" in their favor. Bell Alt. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Nevertheless, even under the liberal pleading standards of Fed. R. Civ. P. 8, the Supreme Court has held that to survive a motion to dismiss a complaint must allege "enough facts to state a claim to relief that is plausible on its face. Id. at 570. Although complaints need not contain detailed factual allegations, and the plausibility standard is not akin to a "probability requirement," it still asks for more than a sheer possibility that a defendant has acted unlawfully. Id. at 556.

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court reaffirmed Twombly and clarified that two underlying principles must guide a court's assessment of the adequacy

of pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. First, a court must identify any conclusory allegations in the complaint, as such allegations are not entitled to an assumption of truth. Id. at 677. That is to say, courts must disregard "rote repetition of statutory language," McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 217 (1st Cir. 2012), as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 555); see also Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory to the factual."). Put another way, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

Second, a complaint survives only if it states a plausible claim for relief. Iqbal, 556 U.S. at 670. A claim has facial plausibility when the pleaded facts allow the court to reasonably infer that the defendant is liable for the specific misconduct alleged. Id. at 677, 682. Such inferences must amount to more than a sheer possibility and be as plausible as any obvious alternative explanation. Id. at 677. Plausibility is a context-specific determination that requires the court to draw on its judicial experience and common sense. Id. at 678. Because "the response to Twombly and Iqbal is still a work in progress," Menard v. CSX Transp., Inc., 698 F.3d 40, 45 (1st Cir. 2012), however, the First Circuit has cautioned that "'some latitude' may be appropriate where a plausible claim may be

indicated 'based on what is known,' at least where . . . . 'some of the information needed may be in the control of [the] defendants.'" Id. (quoting Pruell v. Caritas Christi, 678 F.3d 10, 15 (1st Cir. 2012)).

The aforementioned requirements complement a bedrock principle: the complaint must contain enough detail to give "a defendant fair notice of the claim and the grounds upon which it rests." Ocasio-Hernández, 640 F.3d at 8 (citing Fed. R. Civ. P. 8(a)(2)). So, while a complaint must be supported by facts and not mere generalities, "only enough facts to make the claim plausible" are required. Liu v. Amerco, 677 F.3d 489, 497 (1st Cir. 2012). "The place to test factual assertions for deficiencies and against conflicting evidence is at summary judgment or trial." Id. Accordingly, even after Twombly and Iqbal, "[d]ismissal of a complaint under Rule 12(b)(6) is inappropriate if the complaint satisfies Rule 8(a)(2)'s requirement of a short and plain statement of the claim showing that the pleader is entitled to relief." Ocasio-Hernández, 640 F.3d at 11.

**Applicable Law and Analysis**

*I. Fourteenth Amendment Due Process Claim*

The Fourteenth Amendment to the U.S. Constitution "protects against deprivation of life, liberty, or property without due process of law 'and guards against any encroachment on those rights by federal or state authority.'" Rangel-Padilla v. Román-Torres, 2012 WL 1535454, No. 11-1480, at *7 (D.P.R. May 1, 2012) (citing Kwong Hai Chew v. Colding, 344 U.S. 590, 596-597, n. 5 (1953); Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 669 n. 5 (1974) (stating that these protections extend to the Commonwealth of Puerto

Rico)); see also Reyes-Orta v. Highway and Transp. Authority, 843 F. Supp. 2d 216, 226 (2012).

The Constitution affords procedural due process protections to government employees who possess a property interest in continued public employment. Casiano-Montañez v. State Ins. Fund Corp., 707 F.3d 124, 129 (1st Cir. 2013). Property interests are creatures of state law, and under the laws of Puerto Rico, public employees who lawfully hold career positions have a protected property interest in continued employment in those positions. Id. (citing Costa-Urena v. Segarra, 590 F.3d 18, 27 (1st Cir. 2009)). "Depending on context, employees often but not always, may not be deprived of continued employment without notice and a meaningful opportunity to be heard in advance of the termination." Rodríguez-Sánchez v. Municipality of Santa Isabel, 658 F.3d 125, 129 (1st Cir. 2011). As explained by the Supreme Court in Cleveland Bd. of Educ. v. Loudermill, prior to termination "[t]he tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." 470 U.S. 532, 546 (1985).

In its motion to dismiss, the Municipality asserts that Plaintiff was afforded pre-deprivation remedies which constituted constitutionally adequate process under the procedural due process claim. Plaintiff does not rebut this contention in his opposition. Rather, he claims only that, since the facts and accusations contained in both notices of proposed termination were false, he was deprived of his duties without a due process of law. Docket # 15, p. 3. Plaintiff's argument is unavailing.

The allegations set forth in the complaint do not properly plead a procedural due process claim. In his complaint, Plaintiff alleges that on September 8, 2011, the Mayor informed him of his intention to terminate him from employment for allegedly disobeying the Director's orders. Docket # 1, p. 4. He further alleges that the Mayor sent him another letter notifying him of his intention to terminate his employment for allegedly destroying Municipality's property. Id. at p. 5. On February 9, 2012, an evidentiary hearing was held in order for Plaintiff to present his position as to the allegations contained in both letters. Id. Plaintiff was terminated from his employment on April 2, 2012. Id.

According to Plaintiff's own allegations, the Municipality provided him with written notice of the charges against him, and held a hearing to afford him an opportunity to present his side of the story. Moreover, nowhere in the complaint does Plaintiff allege that any of the minimum due process requirements were not provided to him. Plaintiff does not explain why or how the pretermination proceedings afforded to him abridged his due process rights. See Rangel-Padilla, 2012 WL 1535454, at *8; Reyes-Orta, 843 F. Supp. 2d at 226. The Municipality underscores these facts on its motion to dismiss, but Plaintiff ignored them on his opposition. Plaintiff's only contention, "that the facts contained in the letters of intent were false accusations," (Docket # 15, p. 3) while may be relevant to his political discrimination claim, does not provide a basis for a procedural due process claim.

Plaintiff's allegations, without more, preclude a procedural due process claim. Plaintiff has not pled a plausible claim for procedural due process violation. Consequently, the Municipality's request to dismiss Plaintiff's procedural due process claim is hereby **GRANTED**.

*II. The Mt. Healthy Defense*

The First Amendment right to freedom of speech protects non-policymaking public employees from adverse employment decisions based on political affiliation. Roa-Méndez v. Deficiencias en el Desarrollo (CEDD), No. 9711-1989, 2012 WL 4092622, *7 (D.P.R. Sept. 13, 2012) (citing Padilla-García v. Rodríguez, 212 F.3d 69, 74 (1st Cir. 2000)). "In Mt. Healthy City School District Board of Education v. Doyle, the Court established a two-part burden-shifting analysis for evaluating free speech claims, which has also been applied in the political discrimination context." Padilla-García, 212 F.3d at 74. Under this analysis, the plaintiff must first show that he engaged in constitutionally protected conduct, and that this conduct was a substantial or motivating factor for the adverse employment decision. Id. If the plaintiff does so, then the defendant is given the opportunity to establish that it would have taken the same action regardless of the plaintiff's political beliefs- commonly referred to as the Mt. Healthy defense. Id. The Mt. Healthy defense has been described by the Supreme Court in the following way: "it deals with employment actions driven by 'mixed motives,' and provides that where there are both 'lawful' and 'unlawful' reasons for the adverse employment action, 'if the lawful reason alone would have sufficed to justify the [action], 'then the employee cannot prevail." Soto-Padró v. Public Buildings Authority, 675 F.3d 1, 6 (1st Cir. 2012) (citing McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 359 (1995)).

Here, the Municipality also moves the Court to dismiss the complaint asserting that "[e]ven assuming, *arguendo*, that Plaintiff could prove that the Defendants knew of his political affiliation, Defendants would still prevail under Mt. Healthy, by showing that the

adverse personnel action would have taken place in any event." Docket # 14, p. 9. The Municipality, however, has provided no reason for the Court to deviate from the general rule that the Mt. Healthy defense "is inappropriate at the motion to dismiss stage because the parties have not yet engaged in any significant discovery." Rangel-Padilla, 2012 WL 1535454, at *2. Accordingly, the Municipality's request is **DENIED**. If appropriate, the Municipality may restate this defense at a later stage.

*III. The Supplemental State-Law Claims*

Because the Municipality's plea for the dismissal of Plaintiff's state-law claims assumes the dismissal of all of his federal-law claims, the Court need not address the same.

**Conclusion**

For the foregoing reasons, Plaintiff's procedural due process claim under the Fourteenth Amendment is hereby **DISMISSED with prejudice**. The Municipality's motion to dismiss is **DENIED** as to all other claims.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of May, 2013.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge